**BIEGING SHAPIRO & BARBER LLP**
4582 S Ulster Street Parkway, Suite 1650
Denver, Colorado 80237
Telephone: (720) 488-0220
Facsimile: (720) 488-7711
Duncan E. Barber (Colorado Lic No. 16768)
Steven T. Mulligan (Colorado Lic No. 19901)
dbarber@bsblawyers.com
smulligan@bsblawyers.com
Proposed Co-Counsel for Debtor

**GUST ROSENFELD P.L.C.**
One E. Washington, Suite 1600
Phoenix, Arizona 85004
Telephone No. 602.257.7422
Facsimile No. 602.254.4878
Séan P. O'Brien - 010540
spobrien@gustlaw.com
Proposed Co-Counsel for Debtor

Attorneys for San Marcos Capital Partners, LP

United States Bankruptcy Court

District Of Arizona

| | |
|---|---|
| In re: | Case No. 2:11-bk-07144-GBN |
| SAN MARCOS CAPITAL PARTNERS, LP, | (Chapter 11) |
| Debtor. | |

## MOTION TO COMPEL TURNOVER BY RECEIVER

San Marcos Capital Partners, LP (the "Debtor"), debtor and debtor-in-possession, moves the Court for an order compelling Smiling Hospitality, Inc. (the "Receiver"), a state court-appointed receiver, to relinquish and turnover control of the Debtor's assets to the Debtor, in accordance with to 11 U.S.C. §§ 362(a) and 543(b)(1), for administration in accordance

with the Bankruptcy Code in this Chapter 11 case and for the benefit of all parties in interest herein.

In support thereof, Debtor respectfully states as follows:

1. Prior to the Petition Date, the Receiver had been appointed as receiver over the Debtor's assets pursuant to state law by a Maricopa County Superior Court, at the request of Guaranty Bank & Trust company (the "Guaranty Bank").

2. On March 21, 2011, one of the Debtor's proposed counsel, Duncan Barber of Bieging Shapiro & Barber LLP, orally requested that Guaranty Bank cooperate with the immediate turnover of the Debtor's assets by the Receiver.

3. On March 22, 2011, one of the Debtor's proposed counsel, Steve Mulligan of Bieging Shapiro & Barber LLP, informed Lewis J. Rotman, counsel for the Receiver, via email and U.S. mail, that Debtor had filed the Bankruptcy Case and requested that the Receiver coordinate with the Debtor for "an orderly transition of operations and for the return of the Debtor's property." See, letter from Steven T. Mulligan dated March 22, 2011, a true and correct copy of which is attached hereto as Exhibit "A".

4. The Receiver has refused to turnover the Debtor's property.

5. 11 U.S.C. § 362(a)(3) provides that upon a debtor's filing of a voluntary petition under Chapter 11 of the Bankruptcy Code, all entities are automatically stayed from taking any action in an effort to "obtain possession of

property of the estate or of property from the estate or to exercise control over property of the estate."

6. The automatic stay is one of a debtor's fundamental bankruptcy rights, which provides a debtor with breathing room so that it can formulate a plan of reorganization that assures a fair and equitable distribution to creditors. See, Lawrence P. King, COLLIER ON BANKRUPTCY, 362.03 (15th Ed.). Thus, "[t]he automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws." Harsh Investment Corp. v. Bialac (In re Bialac), 712 F.2d 426, 431 (Bankr. D.Ariz. 1983), quoting H.R. Rep. No. 95-595, 95th Cong., 2d Sess at 340 (1977), U.S.Code Cong. & Admin. News, 1978, at 6296.

7. Disregarding this well established principal, and being fully informed that the Debtor is in bankruptcy and that any efforts to exercise control over the assets of the Debtor's estate would violate the automatic stay, the Receiver has knowingly and willingly violated 11 U.S.C. § 362(a) by refusing to turn over the Debtor's assets.

8. Moreover, 11 U.S.C. § 543(b)(1), provides

> (b) A custodian shall - (1) deliver to the trustee any property of the debtor held by or transferred to such custodian . . . that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case . . .

9. Receivers are not exempt from the requirement to turnover receivership property to bankruptcy trustees and debtors in possession. In re Corporate and Leisure Event

Productions, Inc., 351 B.R. 724, 729 (Bankr. D.Ariz. 2006). This has been the case since at least 1938, when the Chandler Act codified the prior case law that a bankruptcy case supersedes a state receivership and that a state receiver is required to turn over the estate assets to a debtor in possession. Id., citing Bankruptcy Act § 2(a)(21), predecessor to 11 U.S.C. § 543.

10. As set forth in Corporate and Leisure, "[the] legislative history expressly recognized that there was nothing in the Bankruptcy Act of 1898 that required receivers to be divested of property when the debtor is thrown into bankruptcy, but 'the courts have supplied the gap and the bill codifies that result.'" Id. at 732, citing H.R. 6439, 75th Cong., 1st Sess 12 (1937), quoted in 1 James Wm. Moore, et al., COLLIER ON BANKRUPTCY, ¶ 2.77, at 390.8 & (1) (14th ed. 1974).

11. The Receiver's refusal to turnover the Debtor's assets is a knowing and willing violation of 11 U.S.C. §§ 362(a) and 543(b).

12. The Debtor seeks the immediate turnover of its assets for administration in this Chapter 11 case in accordance with the Bankruptcy Code.

13. A receiver is not necessary. This is self-evident by the fact that following the Receiver's appointment, nothing changed operationally at the Debtor's resort property. Virtually all employees were retained by the Receiver. The Debtor's pre-receiver manager was retained by the Receiver and

1 continues in substantially the same role as prior to the
2 appointment of the Receiver. Indeed, the only impact the
3 Receiver appears to have had on operations was increased fees
4 and costs associated with the additional administrative overlay
5 of the receivership and movement of various contracts and
6 accounts from the Debtor's name to that of the Receiver.

7     14. The Debtor understands, based upon recent
8 discussions, that Guaranty Bank intends to file a motion to
9 excuse turnover of Debtor's assets under 11 U.S.C. § 543(d).

10     15. The Debtor respectfully seeks an expedited hearing on
11 this Motion and the relief sought herein as well as on any
12 motion filed by Guaranty Bank under 11 U.S.C. § 543(d). A
13 separate motion requesting an expedited hearing on the Motion
14 will be filed.

CONCLUSION

16     For all the foregoing reasons, the Debtor
17 respectfully urges the Court to enter an order directing the
18 Receiver to immediately turnover the Debtor's assets and for
19 such further and additional relief as to the Court may appear
20 proper under the circumstances.

21     DATED this 25th day of March, 2011.

**GUST ROSENFELD P.L.C.**

By:/s/ Sean P. O'Brien - 010540
Sean P. O'Brien

and

|   |   |
|---|---|
| 1 | **BIEGING SHAPIRO & BARBER LLP** |
| 2 | Duncan E. Barber - 16768 |
| 3 | Proposed Attorneys for San Marcos Capital Partners, LP |

```
 6  ORIGINAL of the foregoing
    electronically filed this
 7  25th day of March, 2011, with:

 8  United States Bankruptcy Court
    District of Arizona
 9  230 North First Avenue
    Suite 101
10  Phoenix, Arizona 85003-1706
    https://ecf.azb.uscourts.gov
11

12  COPIES of the foregoing mailed or emailed
    this 25th day of March, 2011, to:
13
    John J. Fries
14  William Scott Jenkins, Jr.
    RYLEY CARLOCK & APPLEWHITE
15  One North Central Avenue, Suite 1200
    Phoenix, Arizona 85004-4417
16  jfries@rcalaw.com
    sjenkins@rcalaw.com
17  Attorneys for Guaranty Bank and Trust Company

    Richard H. Herold
18  Ian D. Quinn
    HINSHAW & CULBERTSON LLP
19  3200 North Central Avenue, Suite 800
    Phoenix, Arizona 85012-2428
20  rherold@hinshawlaw.com
    iquinn@hinshawlaw.com
21  Attorneys for Smiling Hospitality, Inc.

22  U.S. Trustee
    Office of the U.S. Trustee
23  230 N. First Avenue, Suite 204
    Phoenix, AZ 85003
24  U.S. Trustee

25  /s/ Linda L. Armijo

26
```

SPO:lla 1426865.1 3/25/2011                      6